IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

THOMAS E. CORTHION,

    Petitioner,

v.                                                                       No. 1:18-cv-01120-JDB-jay
                                                                       Re:  1:15-cr-10022-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

    Petitioner, Thomas E. Corthion, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Docket Entry ("D.E.") 1), as well as a supplemental claim (D.E. 8) (collectively "the Petition").[1]  For the following reasons, the Petition is DENIED.

BACKGROUND

    In July 2015, Corthion pleaded guilty in the United States District Court for the Western District of Tennessee to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g).  (*United States v. Corthion*, No. 1:15-cr-10022-JDB-1 (W.D. Tenn.) ("No. 15-cr-10022-JDB-1"), D.E. 20.)  He was determined to be subject to a minimum sentence of fifteen years' incarceration under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  (Presentence Report ("PSR") ¶¶ 19, 89.)  His designation as an armed career criminal was predicated on a Tennessee conviction for first-degree burglary and two Tennessee convictions for aggravated burglary.  (*Id.* ¶¶ 27, 32, 38.)  On October 23, 2015, the Court imposed a 180-month term of

---

[1] Unless otherwise noted, record citations are to documents filed in the present case.

incarceration, as well as three years of supervised release. (No. 15-cr-10022-JDB-1, D.E. 26.) Judgment was entered on October 27, 2015. (*Id.*, D.E. 27.) Corthion did not take a direct appeal.

## DISCUSSION

Petitioner asserts in the present matter that his Tennessee convictions for first-degree burglary and aggravated burglary should not have been used to qualify him as an armed career criminal ("Claim 1"). He also posits that the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which was decided after his conviction became final, requires that his conviction and sentence be vacated ("Claim 2"). Respondent, the United States of America, opposes Claim 1 on the grounds that it is untimely, procedurally defaulted, and without merit.[2] Although acknowledging that Claim 2 is timely, the Government argues that the claim is procedurally defaulted and fails on the merits.[3]

I. <u>Legal Standards.</u>

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). For a petitioner "to obtain relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental

---

[2]The Government also insists that Petitioner waived his right to bring the claim under § 2255. The Court declines to decide the issue because ample alternative grounds exist to deny relief.

[3]To its credit, Respondent does not aver that *Rehaif* is not retroactively applicable on collateral review. After the Government filed its response to the *Rehaif* claim, the Sixth Circuit confirmed that *Rehaif* applies retroactively in § 2255 proceedings. *See Kelley v. United States*, No. 20-5448, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021), *petition for cert. filed* (No. 20-8267) (U.S. June 9, 2021).

defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *McWhorter v. United States*, No. 97-6118, 1998 WL 399620, at * (6th Cir. June 11, 1998) (citing *Reed v. Farley,* 512 U.S. 339, 348 (1994); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir. 1993) (per curiam)).

Proceedings under § 2255 are not a substitute for direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Therefore, "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice¨ to excuse the procedural default. *Id.* A petitioner may also seek to overcome the default on the ground "that he is 'actually innocent'" of the crime of conviction. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). The first part of subsection (ii) is referred to as the "enumerated offenses" clause, while the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Johnson v. United States*, 576 U.S. 591, 593-97 (2015).

In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally void for vagueness. *Id.* at 594-606. Therefore, an enhanced sentence under that provision violates due

3

process as guaranteed by the Fifth Amendment. *Id.* at 595-96. The Court made clear, however, that its "decision [did] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony." *Id.* at 606.

To determine if a conviction constitutes a violent felony under the enumerated-offenses or use-of-force clause, a court must first apply the "categorical approach," which focuses on the statute under which the petitioner was convicted, rather than his conduct. *Cradler v. United States*, 891 F.3d 659, 667 (6th Cir. 2018) (citing *Taylor v. United States*, 495 U.S. 575, 599-600 (1990)). If the statute is "divisible," meaning it describes multiple offenses, the court may "employ the 'modified categorical approach.'" *United States v. House*, 872 F.3d 748, 753 (6th Cir.) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)), *cert. denied*, 138 S. Ct. 367 (2017). That approach permits the examination of "a limited class of documents" from the defendant's prior criminal case in order "to determine which alternative formed the basis of the defendant's . . . conviction." *Id.* (quoting *Descamps*, 570 U.S. at 257). The Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243 (2016), clarified that a statute is divisible if it lists alternative elements, not alternative means of satisfying one or more elements. *Mathis*, 136 S. Ct. at 2249. If the statute lists alternative means, then it is "indivisible," and resort to the limited class of documents is prohibited. *Id.* at 2248.

Under either approach, the "second step" in a court's analysis is to "determine whether the offense, as described either by the entirety of an indivisible statute or by the relevant alternative of a divisible statute," *United States v. Pittman*, 736 F. App'x 551, 554 (6th Cir.), *cert. denied*, 139 S. Ct. 608 (2018), matches the generic definition of an enumerated offense, *Mathis*, 136 S. Ct. at 2247, or the federal definition of "physical force" as "force capable of causing physical pain or injury to another person," *United States v. Southers*, 866 F.3d 364, 366 (6th Cir. 2017) (quoting

4

*Johnson v. United States*, 559 U.S. 133, 138 (2010)). If there is a mismatch, the prior conviction is not a violent felony under the ACCA. *Cradler*, 891 F.3d at 667 (citing *Descamps*, 570 U.S. at 257).

II.    Claim 1.

Respondent first argues that Claim 1 is not properly before the Court because it is untimely. Petitioner acknowledges that he filed the claim more than one year after his judgment of conviction became final. He argues, however, that *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), announced a new rule of law that reset the limitations period.

A § 2255 petitioner is required to submit his claims within one year "from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). For a defendant who does not take a direct appeal, the judgment of conviction becomes final upon the expiration of the time for him to seek direct review. *Sanchez-Castellano v. United States,* 358 F.3d 424, 426 (6th Cir. 2004). Under the Federal Rules of Appellate Procedure, a defendant in a criminal case

normally has fourteen days from entry of judgment in which to appeal. *See* Fed. R. App. P. 4(b)(1)(A).

As mentioned above, Corthion's judgment of conviction was entered on October 27, 2015. Because the inmate did not take a direct appeal, his conviction became final fourteen days later on November 10, 2015. Therefore, under § 2255(f)(1), he had until November 10, 2016, to file his claim. The Petition, which was submitted to prison authorities for mailing on July 3, 2018, is untimely by over one and one-half years.[4]

Petitioner's reliance on *Dimaya* to save his claim is misplaced. In that case, the Supreme Court addressed the constitutionality of the "residual clause" of 18 U.S.C. § 16(b), as that provision is "incorporated into the Immigration and Nationality Act's [("INA's")] definition of 'aggravated felon.'" *United States v. Jackson*, 918 F.3d 467, 484 (2019) (citing *Dimaya*, 138 S. Ct. at 1215). As the Court explained, the immigration statute "renders deportable any alien convicted of an 'aggravated felony' after entering the United States." *Dimaya*, 138 S. Ct. at 1210 (citing 8 U.S.C. § 1227(a)(2)(A)(iii)). The statute "defines 'aggravated felony' by listing numerous offenses and types of offenses," including through a cross-reference to the definition provided in 18 U.S.C. § 16(b). *Id.* at 1211. Under § 16(b), an "aggravated felony includes 'a crime of violence,'" which, in turn, may include a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* (quoting 18 U.S.C. § 16(b)). Relying on its reasoning in *Johnson*, the Supreme Court in *Dimaya* held that § 16(b)'s residual clause is unconstitutionally vague. *Id.* at 1215.

---

[4] Under the mailbox rule, a prisoner's pleading is deemed filed on the day the inmate placed the document into the prison mail system. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

6

The Supreme Court's ruling in *Dimaya* is inapposite to Corthion's circumstances. Most obviously, the inmate was not convicted under the INA. In addition, Claim 1 does not raise a residual clause issue even under the ACCA. Instead, the claim challenges the application of the ACCA's enumerated-offenses clause, which lists burglary as a predicate offense. Therefore, because *Dimaya* is irrelevant to Claim 1, it cannot trigger a new one-year limitations period under § 2255(f)(3). *See Melton v. United States*, No. 3:18-CV-347-TWP, 2019 WL 2114180, at *5 (E.D. Tenn. May 14, 2019) (§ 2255(f)(3) inapplicable where petitioner's claim did not relate to the ruling in *Dimaya*); *United States v. Hamilton*, Case No. 15 CR 390, 2019 WL 764801, at *2 (N.D. Ohio Feb. 21, 2019) (*Dimaya* did "not operate to reset the one-year limitations period" because "Petitioner was not sentenced under the INA, and the record provide[d] no support for his argument that *Dimaya* applie[d] in any way to [his] case"). Accordingly, Claim 1 is subject to dismissal as having been filed beyond the expiration of the limitations period.

Respondent also argues that, even if Claim 1 was timely, § 2255 review is barred because the claim is procedurally defaulted. The inmate does not deny that he did not raise the issue on direct appeal. He also does not argue cause and prejudice to excuse the default or actual innocence to overcome it. Therefore, for this additional reason, the claim is not properly before the Court.[5] Claim 1 is DISMISSED.

---

[5]The claim is also without merit. Tennessee aggravated burglary qualifies as a violent felony under the ACCA. *See United States v. Stitt*, 139 S. Ct. 399, 406 (2018); *United States v. Nance*, 481 F.3d 882, 887-88 (6th Cir. 2007). As for Tennessee first-degree burglary, the Sixth Circuit held in *Jones v. United States*, 673 F.3d 497 (6th Cir. 2012), that Tennessee second-degree burglary—which differs from first-degree burglary only with regard to the time of day the offense is committed—is a violent felony under the ACCA's enumerated-offenses clause. *See Jones*, 673 F.3d at 505; *see also Cartwright v. United States*, No. 1:16-CV-517-CLC, 2019 WL 2453660, at *3 (E.D. Tenn. June 12, 2019) ("[C]onvictions [under Tennessee law] for first-degree burglary and second-degree burglary qualify as predicate offenses under the ACCA.") (citing *Jones*, 673 F.3d 497 at 505), *appeal pending*, No. 19-5852 (6th Cir.), *appeal filed* (No. 19-5852) (6th Cir. Aug. 5, 2019).

III.    <u>Claim 2.</u>

As indicated *supra*, Petitioner maintains that he is entitled to relief under the recent decision in *Rehaif*. In that case, the Supreme Court held that, to prove a § 922(g) violation, the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. Corthion posits that, because the knowledge-of-status element was not included in the indictment in his case, "the Court is required to vacate the conviction [and] dismiss the indictment [and] order [his] release."[6] (D.E. 11 at PageID 87 (altered to correct irregular capitalization).) Respondent argues the claim is procedurally defaulted and without merit. The argument is well-taken.

As the Government correctly points out, Petitioner procedurally defaulted the claim by failing to make the argument on direct appeal. The inmate has not argued cause and prejudice to excuse the default or that he is actually innocent of the crime. And even if he means to suggest that cause can be found in the fact that *Rehaif* was not decided until several years after his conviction became final, he would be mistaken. As the district court found in *Hobgood v. United States*, Case Nos. 4:20-cv-1, 4:17-cr-15, 2020 WL 2601653, at \*1 (E.D. Tenn. May 21, 2020), the argument that knowledge of status is an element of the felon-in-possession offense was available to all defendants prior to *Rehaif*. *Hobgood*, 2020 WL 2601653 at \*3 (petitioner procedurally defaulted his *Rehaif* claim by failing to make the knowledge-of-status argument on direct appeal)

---

[6]Petitioner also maintains that the Government was required to prove he knew he was prohibited from possessing a firearm. The argument is without merit. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (rejecting the defendant's position that "*Rehaif* requires . . . that the Government prove each defendant knew he was *prohibited from possession* of a firearm") (emphasis in original and brackets omitted ), *cert. denied sub nom. Hope v. United States*, 140 S. Ct. 814 (2020), and *cert. denied*, 140 S. Ct. 2572 (2020)

(citing *United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019) (finding the defendant forfeited the knowledge-of-status argument on direct appeal, noting that "it would be self-refuting for [him] to argue that he could not have presented his claim until after *Rehaif* was decided" because "the defendant in *Rehaif* did just that"); *Bousley v. United States*, 523 U.S. 614, 622 (1998) (a petitioner cannot establish cause to excuse a procedural default on the basis "that a claim was unacceptable to that particular court at that particular time.")).

Even if Claim l were not procedurally defaulted, it would fail on the merits. As discussed above, a petitioner alleging a non-constitutional basis for § 2255 relief must demonstrate that the error amounted to a "fundamental defect in the proceedings that inherently result[ed] in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *McWhorter*, 1998 WL 399620, at *1 (citing *Reed,* 512 U.S. at 348). Given the record in his federal criminal case, Corthion cannot meet that standard. More to the point, "the record 'reveals no reason to think that the government would have had any difficulty at all in offering overwhelming proof that the defendant knew that he' was a felon." *United States v. Lee*, 834 F. App'x 160, 168 (6th Cir. 2020) (quoting *United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) (brackets omitted)), *cert. denied*, ___ S. Ct. ___, 2021 WL 2637931 (U.S. June 28, 2021). For one thing, Petitioner stipulated in his plea agreement that he was a felon at the time he possessed the ammunition. "Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it." *Lee*, 834 F. App'x 160, 167-68 (quoting *Ward*, 957 F.3d at 695). In addition, Petitioner's criminal history, as set forth in the PSR, shows that he had multiple prior felony convictions and spent years in prison prior to his federal offense. (*See* PSR ¶ 27 (burglary of an automobile and multiple convictions for first-degree burglary and petit larceny; concurrent sentences of five years), ¶ 28 (carrying firearms where alcoholic

beverages are sold; one-year custody), ¶ 30 (grand larceny and third-degree burglary; five years' custody), ¶ 32 (aggravated burglary and theft over $1,000; six-year effective sentence), ¶ 38 (burglary and aggravated burglary; six-year effective sentence), ¶ 39 (felony failure to appear; one-year custody), ¶ 46 (two counts of sale of cocaine; ten-year concurrent sentence); *see also* D.E. 10-1 at PageID 74-85.)  These "felony convictions . . . provide strong evidence that his *Rehaif* claim—even if it were not procedurally defaulted—is meritless because [there was no] error of 'constitutional magnitude' or one that would render his trial invalid."  *Hobgood*, 2020 WL 2601653, at *3 (petitioner's *Rehaif* claim was without merit in light of his extensive criminal history); *cf. United States v. Conley*, 802 F. App'x 919, 923 (6th Cir. 2020) (on direct appeal, rejecting defendant's *Rehaif* argument where the absence of a knowledge-of-status element in the indictment "did not taint the fairness or integrity of the[] proceedings" because the defendant "had multiple felony convictions under his belt, including one prior conviction for being a felon in possession of a firearm").  Claim 2 is therefore DISMISSED.

For these reasons, the Petition is DENIED.  Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2)-(3).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "If the petition was denied on procedural grounds,

the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[7]

IT IS SO ORDERED this 23rd day of July 2021.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE

---

[7] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

11